# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**SPEAK UP TAMPA BAY PUBLIC
ACCESS TELEVISION, INC.,
LAWRENCE EUGENE ADLER,**

      **Plaintiffs,**

**v.**                                    **Case No.  8:07-cv-1782-T-30TGW**

**BOARD OF COUNTY COMMISSIONERS
OF HILLSBOROUGH COUNTY,
FLORIDA, HILLSBOROUGH COUNTY,
FLORIDA,**

      **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Motion for Temporary Restraining Order (Dkt. 2), Defendants' Response in opposition to the same (Dkt. 7), Plaintiffs' Motion for Preliminary Injunction (Dkt. 3), and Defendants' Response in opposition to the same (Dkt. 9).  In order to obtain a preliminary injunction, Plaintiffs must show: (1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the other party; and (4) if issued, the injunction would not be adverse to the public interest.  McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).  For the reasons stated in open court during a hearing held

on October 3, 2007, Plaintiffs' have failed to establish a substantial likelihood of success on the merits of their action for injunctive relief.

It is therefore ORDERED AND ADJUDGED that:

1.    Plaintiff's Motion for Preliminary Injunction and Supporting Memorandum of Law (Dkt. 3) is **DENIED without prejudice**.

2.    Plaintiff's Motion for Temporary Restraining Order and Memorandum of Law in Support (Dkt. 2) is **DENIED as moot**.

**DONE** and **ORDERED** in Tampa, Florida on October 3, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>**Copies furnished to:**</u>
Counsel/Parties of Record

S:\Even\2007\07-cv-1782.mt preliminary injunction.frm